UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO., <br> (as subrogee of Anne Corbin <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> )  Civil Action No. 05-11137 MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America, by and through its undersigned attorneys, answers the Complaint of plaintiff Liberty Mutual Insurance Co., as subrogee or Anne Corbin, as follows:

I..    Paragraph I constitutes legal conclusions and Plaintiff's characterization of this action, to which no answer is required.

II.    Defendant admits that the Plaintiff in this action is the Liberty Mutual Insurance Co. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

III.    Defendant admits that, on October 5, 2004, the Plaintiff submitted its claim in the amount of $1,184.50 to the United States Postal Service and that, on January 6, 2005, the United States Postal Service denied the Plaintiff's claim. Defendant states that the denial letter speaks for itself and denies any allegation inconsistent therewith. Defendant further avers that, by letter dated April 21, 2005, Plaintiff made a written request for reconsideration, and that the United States Postal

Service denied Plaintiff's request for reconsideration by certified letter dated June 10, 2005. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph III.

IV. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph IV, and therefore denies the same.

V. Defendant denies that its agents, servants or employees violated any duty to Plaintiff or its insured or that they performed any negligent act or omission towards Plaintiff's insured while operating a vehicle on a public roadway. The remainder of Paragraph V states a legal conclusion to which no response is necessary.

VI. Denied.

## COUNT ONE

VII. Defendant hereby realleges and incorporates by reference its answers to Paragraphs I through VI of the Complaint as if fully set forth herein.

VIII. Denied

IX. Defendant denies that Plaintiff or its insured are entitled to any recovery from Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph IX, and therefore denies the same.

The remainder of the Complaint constitutes Plaintiff's prayer for relief to which no response is required. Insofar as a response may be deemed to be required, Defendant denies that Plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever. Defendant further specifically denies all of the allegations of the Complaint not previously otherwise answered.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

### Second Defense

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Postal Service.

### Third Defense

Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against Defendant.

### Fourth Defense

Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's insured's negligence, carelessness, or recklessness.

### Fifth Defense

Plaintiff's insured's fault and negligence in causing this alleged accident, and the fault and negligence by other parties, entities, or individuals in causing the accident, must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery from Defendant, if any, must be diminished in proportion to Plaintiff's insured's fault and negligence in causing the accident, and/or must be diminished in proportion to the fault and negligence of other parties, entities, or individuals in causing the accident. Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff's insured is determined to be greater than the fault of Defendant.

<u>Sixth Defense</u>

Plaintiff has not alleged a sufficient factual and/or legal basis for its claim for costs and attorneys' fees.

<u>Seventh Defense</u>

Pursuant to 28 U.S.C. § 2674, plaintiff is proscribed from recovering any amount for pre-judgment interest against defendant.

<u>Eighth Defense</u>

Defendant denies that it and/or any of its agents or employees were negligent and/or breached any duty or standard of care due to Plaintiff and/or engaged in any conduct that was the proximate cause of the injuries, damages, and losses incurred by it.

WHEREFORE, having fully responded to the Complaint, Defendant prays that:

1. the Plaintiff takes nothing by way of its Complaint in this action;

2. the action be dismissed with prejudice; and

3. the Court grant such other and further relief as it may deem appropriate.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    By: /s/ Mark T. Quinlivan
    MARK T. QUINLIVAN
    Assistant U.S. Attorney
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    617-748-3606

Dated: August 29, 2005